

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 @*becketfund*
www.becketfund.org

July 30, 2026

**VIA CM/ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals
Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:**  *Pennsylvania v. United States,* **No. 25-2575**
  **Notice of Supplemental Authority**

  *Bruno Project Rescue Inc. v. Centers for Disease Control & Prevention*, No. 25-1801, 2026 WL 2017744 (1st Cir. July 13, 2026) (Exhibit A).

Dear Ms. Dodszuweit:

  In the above-captioned case, the First Circuit rejected the argument that a regulation's overinclusiveness is enough to render it arbitrary and capricious. *Bruno,* 2026 WL 2017744, at *1, 6-8. The court reaffirmed that arbitrary and capricious review is "highly deferential" and upholds an agency determination "supported by any rational view of the record," *id.* at *6 (quoting *Littlefield v. U.S. Dep't of the Interior*, 85 F.4th 635, 643 (1st Cir. 2023)). The court also explained that an agency "usually need not show that it has adopted the most narrowly tailored option to address its concerns," and that a court is "not to ask whether a regulatory decision is the best one possible or even whether it is better than the alternatives," *id.* at *7 (quoting *FERC v. Elec. Power Supply Ass'n*, 577 U.S. 260, 292 (2016)). The only question that should concern the courts is whether the agency's choice was rational. *Id.* (citing *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

  The challengers in *Bruno* attacked a CDC rule restricting dog imports, arguing the rule reached beyond its target by applying to dogs from countries recognized as rabies-free. *Id.* The court disagreed, holding it



1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

"acceptable for the [agency] to regulate across the global board rather than target only high-risk areas." *Id.* (quoting *U.S. Sportsmen's All. Found. v. CDC*, 167 F.4th 813, 822 (6th Cir. 2026)).

Here, the States similarly contend that the Final Rule is "categorically overinclusive"—reaching beyond the RFRA conflicts the agencies identified—and therefore lacks a "rational connection" between "the actual conflicts that exist" and the Final Rule's solution. Resp.51. But *Bruno* confirms the States' mistake. Even if the Final Rule exempts more entities than RFRA strictly requires, that does not render the Final Rule arbitrary and capricious; the question is whether the Final Rule was a rational way to solve the agencies' RFRA problem. As the Little Sisters have explained, it was. *See* Br.47-50; Reply 20-24. And the States provide no evidence that any overbreadth causes harm to anyone. Reply 3-4, 20.

Word Count: 348

Respectfully submitted,

/s/ *Mark L. Rienzi*

| | |
|---|---|
| PAUL D. CLEMENT | MARK L. RIENZI |
| ERIN E. MURPHY | ERIC C. RASSBACH |
| Clement & Murphy | LORI H. WINDHAM |
| 706 Duke Street | ADÈLE A. KEIM |
| Alexandria, VA 22314 | DIANA VERM THOMSON |
| (202) 742-8900 | BENJAMIN A. FLESHMAN |
| | DANIEL L. CHEN |
| NICHOLAS M. CENTRELLA | RICHARD C. OSBORNE |
| Clark Hill | The Becket Fund for |
| 2 Commerce Street | Religious Liberty |
| 2001 Market Street, Suite 2620 | 1919 Pennsylvania Ave NW, |
| Philadelphia, PA 19103 | Suite 400 |
| (215) 864-8098 | Washington, DC 20006 |
| | (202) 955-0095 |
| | mrienzi@becketfund.org |

*Counsel for Intervenor-Defendant-Appellant*

cc:    All counsel of record (by ECF notification)